THE HONORABLE JOHN C COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAUSE NO: C05-1669C

William J McSherry, Jr and Kristen McSherry,

Plaintiffs,

v.

Capital One FSB, Capital One Bank NA, Experian Information Solutions Inc., Attention LLC

Defendants.

PLAINTIFFS' MOTION TO STRIKE THIRD PARTY COMPLAINT

ORAL ARGUMENT REQUESTED

NOTE ON MOTION CALENDAR:
April 14 2006

## Background

On October 3 2005 William McSherry Jr. and Kristen McSherry, husband and wife, filed their Complaint against Capital One FSB, Capital One Bank and Experian Information Solutions, Inc. for failure to complete reasonable investigations of their disputes. Plaintiffs filed against Capital One under 15 U.S.C. section 1681s-2(b) to the Fair Credit Reporting Act (FCRA) and another investigation obligation under the Fair Credit Billing Act (a subsection of the Truth in Lending Act) under 15 U.S.C. section 1666 and 1666a. Experian was alleged to have violated its corresponding investigation

CHRISTOPHER E. GREEN
ATTORNEY AT LAW
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

obligations under section 1681i and plaintiffs also alleged Experian did not assure the "maximum possible accuracy" of the information it reports. Complaint at p. 4.  In addition plaintiffs' alleged supplemental (pendant jurisdiction) over state common law causes of action including defamation, invasion of privacy and negligence. All state law supported causes of action support the alleged failure of Capital One regarding its investigation. Against Attention LLC plaintiffs alleged violation of the Fair Debt Collection Practices Act, 15 USC sections 1692 et al.,  and wrongful procurement of plaintiff's credit report. 15 USC section 1681b. All Exhibits to the complaint relate to Capital One's failure to conduct reasonable investigations.

On Friday, March 24 2006 at 3:41 pm defendant Capital One Bank filed a third party complaint naming plaintiff's father as third party defendant. Given the timing on the docket, it also apparently hand-delivered a summons to the Clerk. An unusual procedure given the use by the Court of Electronic Court Filing. On return, the Summons apparently was provided immediately to a process server who served the summons on William McSherry Sr., plaintiff's father, (on an extremely expedited basis) on Monday, March 27 2006. No motion to file the complaint and issue a third party summons was ever filed by Capital One.  In the third party complaint, Capital One stated jurisdiction is proper in this Court because "there is complete diversity of citizenship between Capital One and the Third Party Defendant". Third Party Complaint ¶ 1. It also claims supplemental jurisdiction.  Third Party Complaint ¶ 2. The  causes of action alleged by Capital One are equitable indemnity and unjust enrichment. Id. at ¶¶ 12-16.

Capital One alleges plaintiff's father opened several Capital One accounts but made no allegation regarding when the card was opened. However Capital One's Counterclaim appears to allege a time before October 26 2001.  Capital One Counterclaim Answer ¶ 5. The Third Party Claim also made no allegation of the amount charged but it appears to be about $4,133.70.  Capital One

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

Counterclaim ¶ 8.  Capital One made no claim in the Third Party Complaint plaintiff's father caused it to fail its duty to investigate under 15 USC section 1681s-2(b).

## Failure of Move The Court

Capital One never moved for leave to file the Third Party Complaint, despite the requirement of FRCP 14 that "[t]he third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." The docket shows there was no notice until 3:41 pm on Friday March 24 2006 and it was not the form of a motion. The docket reveals the improperly procured summons was then served immediately before the Court could be notified.

Plaintiffs file this motion pursuant to Fed. R. Civ. P. 14(a) which provides that "[a]ny party may move to strike the third-party claim . . ." Since there is no federal jurisdiction for the claims to be asserted against plaintiff's father, the motion should be granted.

## No Federal Jurisdiction.

Capital One makes no claim plaintiff's father forced it to make an improper investigation. This Court is an Article III court which can act only within the parameters of the Constitution and federal statutes. Ankenbrant v Richards, 504 US 689, 695-697 (1992). Federal courts are presumptively without jurisdiction over civil action and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Live Ins. Co., 511 US 377 (1994).

Capital One claims two bases for jurisdiction, diversity under 15 USC section 1332 and supplemental jurisdiction under 15 USC section 1367. It does not explicitly claim jurisdiction under 15 U.S.C. section 1681p (the Fair Credit Reporting Act) but it is implied. There is no federal jurisdiction for the claims alleged against the plaintiff's father for equitable indemnity and for unjust enrichment.

PLAINTIFFS' MOTION TO STRIKE THIRD
PARTY COMPLAINT - 3
C05-1669C

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

**No jurisdiction under the FCRA**. Even though plaintiffs filed under the FCRA, Capital One made no claim under this statute, rather relying on vague equitable claims relating to the father's alleged opening of accounts with Capital One. It knew the FCRA only imposes statutory obligations on consumer reporting agencies, users, and, since September 30, 1997, furnishers such as Capital One. This Court outlined these obligations in <u>Betts v. Equifax Credit Information Services, Inc.</u>, 245 FSupp2d 1130, 1134 (W.D. Wash 2003). Further a court ruled directly on the filing of a Third Party Complaint naming a family member who is alleged to commit fraud in <u>McMillan v. Equifax Credit Information Services</u>, 153 F.Supp.2d 129, 132 (D.Conn. 2001).

No Liability Against Consumers or Defrauders. Congress in 1996 changed the civil liability sections from the limited coverage of only "any consumer reporting agency or user of information" to extend liability to "any person who" violates the Act. §§ 1681n and 1681o. Since neither the original nor the amended FCRA imposes any obligation on the consumer, or on anyone who misuses the consumer's social security number, or on anyone who applies for or obtains credit, plaintiff's father could not violate the FCRA and has no liability under the FCRA.

The FCRA gives no causes of action to a user or furnisher. The only person other than the consumer who can use the FCRA as the basis for liability is the consumer reporting agency – and then it can sue only the user or furnisher. E.g. section 1681s-2(c) renders violation of section 1682s-2(b) subject to suit by the consumer reporting agency against the furnisher.

No Extension Of Liability. Capital One makes no allegation when the alleged fraud took place (Capital One only investigated this after it was sued) but we can infer it happened before 2001 or 2002 ¶¶ 5 and 6 to Counterclaim. Section 1681p does not afford a basis for subject matter jurisdiction over the plaintiff's father. In 2003 the FCRA was amended to expand the statute of limitation to five years and provide a discovery provision. However, the former limitation would be

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

in effect as to any claim by Capital One against plaintiff's father. It provides, with plaintiffs' comments in brackets:

> An action to enforce any liability created under this subchapter [the father has no such liability] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant [the only possible defendant in an FCRA action is a consumer reporting agency, a user, or a furnisher] has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual [no disclosure requirement is imposed on the father] and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

Under the former version of section 1681p, the usual "discovery" rule does not apply except insofar as the specific parameters of section 1681p allow. TRW, Inc. v. Andrews, 534 US 19 (2001); Rylewicz v. Beaton Services,Ltd., 888 F.2d 1175 (7th Cir. 1989); Houghton v. Insurance Crime Prevention Inst., 795 F.2d 322 (3d Cir. 1986); Clay v.Equifax, Inc., 762 F.2d 952, 961 (11th Cir. 1985). Thus, even if section 1681p contemplated jurisdiction over plaintiff's father, Capital One has not brought itself within the parameters of an FCRA-required disclosure which is material to the establishment of any extended liability, and thus to subject matter jurisdiction.

No Right to Indemnification. The FCRA does not provide for indemnification. McMillan v. Equifax Credit Information Services, 153 F.Supp.2d 129, 132 (D.Conn. 2001)(credit card company attempted to file third party complaint for fraud against plaintiffs' son where plaintiffs alleged violation of section 1681s-2(b)); Kay v. First Continental Trading, Inc., 966 F.Supp. 753, 754-55 (N.D.Ill. 1997); Irwin v. Mascott, 94 F.Supp. 2d 1052, 1058 (N.D. Cal 200); Fields v. Experian Information Solutions, Inc., 2003 WL 1960010 (N.D. Miss)(credit reporting bureau in theft of identity case attempted to assert a third -party complaint naming the plaintiff's daughter).

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

Indemnification or contribution can arise only through an affirmative grant of such rights by statute by Congress. This grant must be express or implied. <u>Doherty v. Wireless Broadcast Systems</u>, 151 F.3d 1129 (9th Cir. 1988). The only other way is through federal common law. Thus far, the courts have found no such rights.

The father did not force Capital One to fail its investigation obligations under the FCRA section 1681s-2(b).

No Unjust Enrichment. In its Third Party Complaint, Capital One alleges unjust enrichment based on "McSherry Sr's receipt and use of this benefit resulted in unjust enrichment." This claim has nothing to do with failure of Capital One to conduct an investigation under the FCRA.

**Rule 14 does not grant jurisdiction**. The only procedural rule on which Capital One could even arguably rely is Fed. R. Civ. P. 14(a). <u>Fields v. Experian Information Solutions, Inc.</u>, 2003 WL 1960010 (N.D. Miss.). However, Rule 14 applies only as to "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." The father is not liable to Capital One for plaintiff's claims. The plaintiffs have a claim against Capital One that it did not conduct an adequate investigation under section 1681s-2(b).

Plaintiff's father did not cause or participate in either of these events. Capital One may have relied on alleged representations to grant him credit. As the exhibits to the Complaint make clear, plaintiffs provided myriad information to Capital One in their requests to have the card it opened in plaintiff's identity investigated. Capital One took no action to investigate his alleged liability or simply check the address to which it sent credit cards and bills. It merely attempted to impose liability on the plaintiffs. Presumably because they could pay or because it didn't want to simply investigate where the card originated and where billing statements were sent. The filing of the third

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

party complaint is a continuation of it avoiding common sense.  The only way Capital One

conducted any reasonable investigation was after it was sued by plaintiffs. Further, Capital One

seeks to exercise the Court's control over the issuance of a third party summons.

The short answer to this argument is that this asserted connection between the third party

complaint and the main action is far too attenuated and implausible.  The father's alleged acts (using

plaintiff's personal identifiers to get credit from Capital One) do not provide any claim or defense to

this FCRA action. The defendants must comply with the FCRA irrespective of any actions of a

nonparty. E.g., Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d at 1322, 1329-30

(7th Cir. 1997) (rejecting a proposed judicially created fraud exception for bad checks); Purtle v.

Eldridge Auto Sales, Inc., 91 F.3d 797 (6th Cir. 1996) (truth in lending); Kiblen v. Pickle, 653 P.2d

1338, 1343 (Wash. App. 1982) (credit bureau must comply with Fair Credit Reporting Act

regardless of consumer's fraud or misrepresentation); St. Paul Guardian Ins. Co. v. Johnson, 884

F.2d 881 (5th Cir. 1989) (same).

**No Original Jurisdiction**.  Here the defendant claims diversity jurisdiction. There is no

basis for claiming the diversity for Capital One paying $75,000 because of it's separate, individual

claims under 15 USC 1681s-2(b). Capital One makes no allegation regarding amount except in its

counterclaim for an amount well below $75,000. Counterclaim at ¶ 6 and ¶ 8 ($4,133.70 and

$4,592.27). Capital One's failure to follow the FCRA was not caused by plaintiff's father.

**No Supplemental Jurisdiction.**  Capital One apparently claims supplemental jurisdiction

under 28 U.S.C. section 1367. But the Court cannot exercise supplemental jurisdiction unless there

is first a proper basis for federal jurisdiction. Hunter v. United Van Lines, 746 F2d 635, 649 (9th Cir

1984)("it makes no sense to speak of pendent jurisdiction until after a court has independently

acquired jurisdiction over a federal cause of action"). Nowak v. Ironworkers Local 6 Pension Fund,

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

81 F.3d 1182, 1187 (2d Cir. 1996). There is no basis for federal jurisdiction against the father, either in plaintiffs' complaint, or in Capital One's proposed complaint. The FCRA simply imposes no liability on the father or on anyone who allegedly got credit using someone else's identification information. The FCRA imposes on Capital One the independent obligation to do an adequate investigation, an investigation whose very purpose is to uncover identity theft. If Capital One indeed merely relied on an earlier representation of the father, it admits to an intentional noncompliance with investigation obligations under section 1681s-2(b).

Moreover, the federal complaint must be drawn so as to seek recovery under federal law. Id. at 1189. There is nothing to which to "append" Capital One's claims. What the father may have done in applying for credit is not a basis for federal jurisdiction. His pre-2001 application for credit is unconnected with Capital One's separate 2004 and 2005 violations. Further, plaintiffs' common law claims can not be used as a basis for these claims as they relate only to the failure of Capital One to investigate plaintiff's fraud claim. Fields v. Experian Information Solutions, Inc., supra, at page 2 ("[T]he substance of [plaintiffs'] state law claims leads the court to conclude that no liability could be transferred from Experian to [the defrauder] should [plaintiffs] prevail on those claims).

As can be discerned from the Exhibits to plaintiffs' complaint, plaintiffs' claims as to Capital One solely relate to the investigations. Plaintiffs disputed fraud related accounts with Capital One being reported by Experian Information Solutions, Inc. Exhibit 3 to the Complaint. After the first disputes in Exhibits 1 and 2 of Complaint, Capital One reverifed the accounts and continued to associate them with plaintiff even though an address he never used appeared on the application. Exhibit 4 page 3 of 3. In June 2005 plaintiffs mailed disputes directly to Experian again. Exhibit 5. Equifax deleted all fraud related accounts. Exhibit 6. Capital One and Experian are named in

CHRISTOPHER E. GREEN
ATTORNEY AT LAW
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

plaintiff's complaint under the FCRA as they continued to report the accounts and associate them with plaintiff. Plaintiffs' case against Capital One is about a failure to investigate.

Section 1367 grants supplemental jurisdiction only "over all claims that are so related to claims in the action that they form part of the same case or controversy". Courts traditionally dismiss a defendant's pendent state court claims when they are unrelated to the federal cause of action being asserted by the plaintiff.  Valencia v. Anderson Bros. Ford, 617 F.2d 1278, 1291-92 (7th Cir. 1980), rev'd on other grounds, 452 U.S. 205 (1981).

Capital One's personal-injury claims are unrelated to the plaintiffs' statutory claims, both in time and nature. Since the 2005 statutory claims in the complaint, and the pre-2001 equitable claims in the proposed complaint, do not arise from a common nucleus of operative facts, the supplemental jurisdiction of § 1367 does not apply. Lyon v. Whisman, 45 F.3d 758, 760-61 (3d Cir. 1995) (since no common nucleus of operative facts, no jurisdiction of state claim "totally unrelated" to federal claim); Executive Software v. U.S. Dist. Court, 24 F.3d 1545 (9th Cir. 1994) (need common nucleus of operative facts); KRW Sales, Inc. v. Kristel Corp., 154 F.R.D. 186, 188 (N.D. Ill. 1994) (commission of tort not so related to original cause of action as to form part of the same case or controversy); Obendorfer v. Gitan Group, Inc., 838 F. Supp. 950, 957 (D.N.J. 1993) (different time frame, different body of law); Molina v. Mallah Org. Inc., 817 F. Supp. 419, 421-22 (S.D.N.Y. 1993) (different time frame); Frieburger v. Emery Air Charter, Inc., 795 F. Supp. 253, 258 (N.D. Ill. 1992) (different time frame; claim maintainable without reference to any fact alleged in the complaint); In re Emerald Acquisition Corp., 170 B.R. 632, 646 (Bankr. N.D. Ill. 1994) (different time periods, different events, different facts). Cf. Unique Concepts v. Manuel, 930 F. 2d 573, 574 (7th Cir. 1991) (permissive counterclaim still requires own jurisdictional basis).

/ / /

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

**Improper Purpose of Claim**

The Third Party Complaint tactic by Capital One in this action is a continuation of Capital One's associating a family member to harass and embarass. Where there is no family association, Capital One pursues a different policy.

Capital One's policy is evident from the Court's docket. In <u>Malone v. Capital One Bank et al.</u> C03-2978C filed October 6, 2003 in the Western District of Washington, Capital One resorted to its Third Party Complaint tactic. After settlement of that matter Capital One likely never pursued the matter against the son of the plaintiff in that matter. Perhaps in addressing its burden of proof, Capital One can tell inform the Court of the efforts it took to pursue the son of that plaintiff. However, when the alleged defrauder was the employer of the plaintiff, as in <u>Miller v. Capital One Bank et al</u>, C05-1252, also filed in the Western District of Washington. Capital One did not file any Third Party Complaint. The claims under 15 USC section 1681s-2(b) were identical, counsel are all identical, the only difference is Capital One knows an employee who contends his employer opened the account in his identity is far less likely to feel harassed and embarrassed by this tactic.

The filing of extremely attenuated claims, usurping the Court's authority to authorize the issuance of a third party summons, having the subpoena procured immediately as part of its efforts to harass the plaintiffs with unrelated claims and serving the summons on an extremely expedited basis before the plaintiffs could petition the Court under FRCP 14(a) could only have been done in bad faith and for the purposes of harassment.

Capital One should pay plaintiffs' claims under 15 USC section 1681n(c) if it is determined it filed Complaint for the purposes of harassment. Given Capital One's improper motives, attenuated claims, and abuse of the discretion that belongs with the Court, it is hard to draw another conclusion.

**CHRISTOPHER E. GREEN**
**ATTORNEY AT LAW**
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

## Conclusion

The Court should strike Capital One's Third Party Complaint against the plaintiff's father. There is no federal jurisdiction and the claims are unconnected with Capital One's independent failure to investigate. Capital One's filing is merely an attempt to harass and embarrass blameless consumers who called it to account for its disregard of law and decency.

Respectfully submitted,

DATED this 30 day of March, 2006.

*Christopher E. Green*

_____
CHRISTOPHER E. GREEN

PLAINTIFFS' MOTION TO STRIKE THIRD
PARTY COMPLAINT - 11
C05-1669C

CHRISTOPHER E. GREEN
ATTORNEY AT LAW
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410